01
02
03
04
05
06
07                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
08                              AT SEATTLE

09  LOCALS 302 AND 612 OF THE            )
    INTERNATIONAL ENGINEERS              )   CASE NO. C13-0170-MAT
10  CONSTRUCTION INDUSTRY HEALTH         )
    AND SECURITY FUND, et al.,           )
11                                       )
            Plaintiffs,                  )
12                                       )   ORDER GRANTING
        v.                               )   PLAINTIFFS' MOTION FOR
13                                       )   SUMMARY JUDGMENT
    TREPUS CORPORATION,                  )
14                                       )
            Defendant.                   )
15  _____ )

16                                 INTRODUCTION

17       Plaintiffs move the Court for summary judgment against defendant Trepus Corporation

18  (Dkt. 10) in this matter brought pursuant to the Employee Retirement Income Security Act, 29

19  U.S.C. § 1001, *et seq*. (ERISA).  Defendant did not oppose plaintiffs' motion.  The Court

20  deems defendant's failure to oppose to be an admission that the motion has merit.  *See* Local

21  Civil Rule 7(b)(2).  The Court also, for the reasons described below, finds plaintiffs entitled to

22  summary judgment.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT
PAGE -1

## BACKGROUND

Plaintiffs include three trust funds and a local union: (1) Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund; (2) Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund; (3) the Western Washington Operating Engineers-Employers Training Trust Fund; and (4) Local 302 of the International Union of Operating Engineers. Defendant employs members of a bargaining unit represented by IUOE Local 302 ("Local 302). (Dkt. 11, ¶9.) Local 302 is an employee organization within the meaning of ERISA.

Defendant is bound by the Associated General Contractors (AGC) master labor agreement with Local 302 of the International Union of Operating Engineers, requiring it to report and pay monthly contributions to plaintiff Trust Funds at specified rates for eligible employees. (*Id*., ¶11, Ex. E at Schedule B.) Defendant is also bound to three Trust Agreements with the Trust Funds. (*Id*., ¶2, Exs. A-D.) The Trust Funds provide medical, retirement, and training benefits to eligible participants. (*Id*., ¶6.)

A primary function of the Trust Funds is to perform audits on participating employers. (*Id*., ¶7.) The audits help to ensure employers' compliance with reporting and contributions, and the proper funding of the Trust Funds. (*Id*., ¶12.) The Trust Agreements require defendant to submit to audits of its payroll records. (*Id*., ¶8, Ex. A, Article IV § 17, Ex. B, Article IV § 17, and Ex. C, Article IV § 11).) The audit process entails the review of defendant's payroll records, information, data, reports, and other documents. (*See id*.)

The Trustees of the Trust Funds deemed it both necessary and advisable to examine

defendant's books and records for the period of January 1, 2009 through the present date in order to determine whether defendant has reported and paid all amounts due for eligible employees. (*Id*., ¶16.)  In a letter dated August 21, 2012, auditors sent defendant a letter requesting access to documents to perform an audit. (*Id*., ¶13, Ex. F.)  An appointment to conduct the audit was scheduled, but later canceled. (*Id*., ¶13.)  On or around January 14, 2013, defendant notified the auditors it would not be providing access to its records for an audit. (*Id*.)  Counsel for the Trust Funds, in a letter dated January 17, 2013, again requested arrangements be made to conduct the audit. (*Id*., ¶14, Ex. G.)  Defendant did not respond to the request. (*Id*., ¶14.)

## DISCUSSION

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

This case proceeds pursuant to ERISA.  ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the contract and trust agreement.  ERISA Section 515, 29 U.S.C. § 1145.  "The [United States] Supreme Court has made clear that the trust documents, if consistent with the ERISA statute, govern the scope of the trustees' rights and duties."  *Santa Monica Culinary Welfare Fund v. Miramar Hotel*

*Corp.*, 920 F.2d 1491, 1494 (9th Cir. 1990) (citing *Cent. States, SE and SW Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 568 (1985)).

It is further well established that a trust fund has the right to conduct audits to ensure proper funding. *See generally Cent. States, SE and SW Areas Pension Fund*, 472 U.S. 559. In fact, under common law and ERISA, trust funds are obligated to ensure proper funded. *Id.* at 569-73, 80. Where a trust agreement grants a trust fund the right to conduct an audit, an employer "cannot receive the benefits of the Fund yet escape its attendant burdens," including "the provision of the Trust Agreement permitting the Trustees to audit an employer's books and records." *Santa Monica Culinary Welfare Fund*, 920 F.2d at 1493.

In this case, it is undisputed defendant signed the compliance agreement binding it to the Trust Agreements. (Dkt. 11, ¶2, Ex. D.) It is further clear that the Trust Agreements require defendant to submit to audits of its records:

> . . . The Board may require the Employers . . . to promptly furnish to the Trustees, on demand, such payroll records, information, data, reports or documents reasonably required for the purposes of administration of the Fund. The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, reports or documents. The Trustees, or their authorized representatives, may examine the pertinent payroll records of each Individual Employer with respect to the Employees benefiting from this Agreement whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Fund.
>
> In the event that any such audit shall determine that the Individual Employer is delinquent in the payment of contributions due the Fund, the Individual Employer shall be obligated for the cost of such audit; provided, however, that the Board of Trustees may waive the imposition of such costs upon good cause shown.

(*Id.*, Ex. A, Article IV § 17; *accord id.*, Ex. B, Article IV § 17 and Ex. C, Article IV § 11

(containing same or similar language).)

Plaintiffs here attest they deem an audit of defendant's records necessary and advisable in the administration of the Trust Funds.  (*Id.*, ¶16.)  They demonstrate they requested review of defendant's records to conduct an audit, and attest that defendant refused to comply with their requests.  (*Id.*, ¶¶ 13-16, Exs. F-G.)  In failing to respond to the current motion, defendant does not deny its obligation to submit to the audit, or dispute its failure to comply.

The Court finds no issues of fact regarding either the enforceability of the compliance and trust agreements, or plaintiffs' entitlement to conduct an audit.  Accordingly, the Court finds plaintiffs entitled to summary judgment.  Defendant is required to provide access to its records for its employees in order to allow for an audit for the period of January 1, 2009 through the present date.

## CONCLUSION

Plaintiffs' motion for summary judgment (Dkt. 10) is GRANTED.  Defendant is hereby ORDERED to provide the Trust Funds – within **two (2) weeks** of the date of this Order – the following documents for the time period of January 1, 2009 through the present date:

(1) Collective bargaining agreements and subscriber's agreements, for the entire testing period, covering the employees who are reported to the Trust Funds.

(2) Payroll register or other documents which show wages paid and hours worked by month (preferably) or week.

(3) Washington tax and wage reports (EMS 5208).

(4) Monthly hours summaries or other documents used to facilitate accurate reporting to the Trust Funds.

(5) Time cards for the most recent full quarter of the current year.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT
PAGE -5

01     (6)    Monthly transmittals to the Trust Funds showing the names reported for benefits.

02

03     (7)    Monthly transmittals to other Trust Funds.

04     (8)    Detailed documentation of the job classifications of employees NOT reported to the Trust Funds.

05     (9)    Cash disbursement journals or check registers.

06 The Court further ORDERS that defendant give the authorized representatives of the Trustees

07 of the Trust Funds both ample time and opportunity to examine all such materials, without

08 harassment, at such time and at such place as shall be convenient to the Trustees' authorized

09 representatives.   The Court will also consider a motion for attorney's fees and costs associated

10 with plaintiffs' efforts in this lawsuit upon submission of a properly supported motion.

11     DATED this <u>28th</u> day of August, 2013.

12

13                                               Mary Alice Theiler

14                                               Chief United States Magistrate Judge

15

16

17

18

19

20

21

22